**Date signed February 02, 2005**



```
                                    _____
                                         PAUL MANNES
                                    U. S. BANKRUPTCY JUDGE
```

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### at Greenbelt

| | | |
|---|---|---|
| IN RE: | : | |
| | : | |
| CHARLES M. BAUL | : | Case No. 04-37538PM |
| | : | Chapter 13 |
| Debtor | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | : | |
| SECRETARY OF VETERANS AFFAIRS | : | |
| Movant | : | |
| vs. | : | |
| | : | |
| CHARLES M. BAUL | : | |
| SUSAN R. BAUL, Co-Debtor | : | |
| NANCY L. SPENCER GRIGSBY, Trustee | : | |
| Respondents | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | : | |

### MEMORANDUM OF DECISION

     This case is before the court on the motion of the Secretary of Veterans Affairs for relief from the stay of 11 U.S.C. § 362(a) so as to allow completion of foreclosure proceedings pending in the Circuit Court for Montgomery County, Case No. V240879. The precise issue before the court is whether a Consent Order and Stipulation Modifying Automatic Stay entered in the case of Susan R. Baul, Case No. 03-30116DK, entered January 15, 2004, operated to terminate the co-debtor stay of § 1301(a) as to the co-debtor in that case, the Debtor in this case, so that the Affidavit of Default filed May 4, 2004, operated to terminate the stay. If that were the case, the foreclosure sale held June 17, 2004, divested both Bauls of the equity of redemption and equitable ownership in the property.

     The co-debtor stay of § 1301(d) provides:

**11 U.S.C. § 1301.  Stay of action against codebtor**

(d) Twenty days after the filing of a request under subsection (c)(2) of this section for relief from the stay provided by subsection (a) of this section, such stay is terminated with respect to the party in interest making such request, unless the debtor or any individual that is liable on such debt with the debtor files and serves upon such party in interest a written objection to the taking of the proposed action.

Here, the motion for relief from stay was filed on November 14, 2003.  The twentith day after the filing of the motion for relief from the stay, by the terms of the statute itself, the co-debtor stay was ended.  It is true that a response to the automatic stay was filed by Susan R. Baul in the earlier case on December 9, 2003, and that response operated to put in issue the matters dealt with by the motion for relief state as to the debtor and thereupon led to the Consent Order entered January 15, 2004.  By operation of law, the co-debtor stay terminated, there being no objection filed within 20 days after the filing of the request.

A Collier explains in § 1301.3[1][b], the addition of § 1301(d) to the Bankruptcy Code in 1984 "afforded a streamlined procedure for obtaining relief from the codebtor stay when a motion is filed pursuant to Rule 4001(a).  The procedure set forth in subsection (d) dispenses with the necessity of obtaining a court order if neither debtor nor codebtor, within 20 days, files and serves upon the parties seeking relief a written objection to the requested relief.  Unless such an objection is served and filed, the codebtor stay with respect to the party requesting relief automatically terminates."  Thus, the codebtor stay was terminated by operation of law.  No further provision was required in the Consent Order modifying the automatic stay that was ultimately issued.  However, the court believes that the better practice is to provide for that as well.

An appropriate order will be entered.

cc:
Deborah K. Curran, Esq., 8101 Sandy Spring Road, Suite 302, Laurel, MD 20707
Robert Haeger, Esq., 9535 Fern Hollow Way, Gaithersburg, MD 20886
Charles M. Baul, 13 Jeremy Court, Derwood, MD 20855
Susan B. Baul, 13 Jeremy Court, Derwood, MD 20855

**End of Memorandum**